IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-04-5066 OWW |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| | ) | ORDER DENYING PETITIONER'S |
| Plaintiff/ | ) | MOTION FOR APPOINTMENT OF |
| Respondent, | ) | COUNSEL, DENYING |
| | ) | PETITIONER'S MOTIONS FOR |
| vs. | ) | RETURN OF 1998 LINCOLN |
| | ) | NAVIGATOR AND $29,874.66 AND |
| | ) | DIRECTING UNITED STATES TO |
| NORMA COBIAN, | ) | FILE SUPPLEMENTAL BRIEF RE |
| | ) | WELLS FARGO BANK ACCOUNT |
| | ) | NOS. 0042303936 AND |
| Defendant/ | ) | 0042303745 BY JANUARY 26, |
| Petitioner. | ) | 2009 |
| | ) | |

On July 31, 2007 and on October 17, 2007, Petitioner Norma Cobian, proceeding *in pro per*, filed motions for return of money and personal property. Petitioner asserts:

> When petitioner was arrested she had just refinance [sic] her house and she had a net proceeds in the amount of $32,810.23 from this net proceeds government frozen [sic] the amount of $29,87464 in which this money was going to frozen [sic] until defendant surrender and started her sentence up to this date petitioner [July 13, 2007] has done one

year of her sentence and money has not yet been refunded.

Attached to Petitioner's motions and the Government's response are copies of U.S. Department of Justice, Drug Enforcement Administration notices of seizure.[1]

One notice of seizure is dated April 13, 2004 and pertains to a 1998 Lincoln Navigator, vehicle identification number 5LMFU28L1WLJ0552, seized on February 14, 2004. This notice of seizure was mailed to Norma A. Cobian, 600 Park Hurst Way, Modesto, CA 95358 on April 13, 2004. The notice of seizure advises Petitioner that the 1998 Lincoln Navigator was seized by DEA Special Agents pursuant to 21 U.S.C. § 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act. The notice of seizure advises:

> Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this

---

[1]Initially, the Office of the District Attorney for the County of Stanislaus provided Petitioner with a Notice of Initiation of Asset Forfeiture Proceedings for the seizure of the 1998 Lincoln Navigator and the Wells Fargo Bank account. After Petitioner submitted claims to the District Attorney, by letter dated March 16, 2004, the Office of the District Attorney advised Petitioner:

> This letter is to advise you that this office is rejecting the enclosed Claim Opposing Forfeiture as we are not pursuing asset forfeiture proceedings. This asset forfeiture matter has been adopted federally by the Drug Enforcement Administration (DEA). You may call the DEA at (559) 487-5402 if you have any questions on this matter. After you receive notice from DEA regarding the federal forfeiture of these assets, the number to call will be (703) 307-8555. The DEA's case number for this matter is R9-04-0040.

> property are underway.  You may petition the
> DEA for return of the property or your
> interest in the property (remission or
> mitigation), and/or you may contest the
> seizure and forfeiture of the property in
> Federal court.  You should review the
> following procedures very carefully.

The notice of seizure then details the procedures to be followed to request remission or mitigation of forfeiture or to contest the forfeiture.  With regard to contesting the forfeiture, the notice of seizure specified that Petitioner "must file a claim with the Forfeiture Counsel of the DEA by May 18, 2004."

The second notice of seizure is dated May 6, 2004 and pertains to a Wells Fargo Bank account no. 6404545527, in the amount of $29,874.66, seized on March 31, 2004.  The notice of seizure was mailed to Norma Cobian, c/o Preciliano Martinez, 881 15 St., Ste F, Modesto, CA 95354 on May 6, 2004.  Preciliano Martinez was retained by Petitioner in the criminal case on February 25, 2004 and was her attorney of record until he was terminated on October 1, 2005.  The notice of seizure advises that the Wells Fargo Bank account was seized by DEA Special Agents pursuant to 21 U.S.C. § 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act.  The notice of seizure advises:

> Pursuant to Title 18, U.S.C., Section 983 and
> Title 19, U.S.C., Sections 1602-1619,
> procedures to administratively forfeit this
> property are underway.  You may petition the
> DEA for return of the property or your
> interest in the property (remission or
> mitigation), and/or you may contest the
> seizure and forfeiture of the property in
> Federal court.  You should review the

1  following procedures very carefully.
2 The notice of seizure then details the procedures to be followed
3 to request remission or mitigation of forfeiture or to contest
4 the forfeiture.  With regard to contesting the forfeiture, the
5 notice of seizure specified that Petitioner "must file a claim
6 with the Forfeiture Counsel of the DEA by June 10, 2004."
7      Attached to Petitioner's motion and the Government's
8 response is an unsigned letter from the Law Office of Preciliano
9 Martinez to Forfeiture Counsel, Asset Forfeiture Section, Office
10 of Domestic Relations of the DEA dated May 17 2004, which states:

> Petitioner and Claimant, NORMA COBIAN, hereby
> claims and requests the return of her
> property, 1998 Lincoln Navigator, Vehicle
> I.D. No. 5LMFU28L1WLJ07522 and Wells Fargo
> Bank accounts [sic] in the sum of $29,874.66.

14      Attached to the Government's response to Petitioner's
15 motions is a copy of a letter dated June 17, 2004 from the David
16 Zekoski, Senior Attorney, Asset Forfeiture Section of the DEA to
17 Preciliano Martinez, which letter states, in reference to the
18 1998 Lincoln Navigator:

> The Drug Enforcement Administration (DEA)
> received your correspondence dated May 17,
> 2004 regarding the above-referenced property.
> Please be advised the last date for your
> client to file a claim for the property was
> May 18, 2004.  As your correspondence did not
> arrive in this office until May 20, 2004, it
> is untimely filed as a claim and is hereby
> returned to you.  A document is filed 'when
> it is delivered to the proper official and by
> him received and filed.'  <u>United States v.
> Lombardo</u>, 241 U.S. 73, 76 (1916).  Thus, a
> claim is not deemed filed until received in
> this office.  <u>See Pruitt v. United States</u>,
> No. 91-15411, 1992 U.S.App . LEXIS 4000, at

4

708 (9th Cir. Feb. 28, 1992); Sandoval v. United States, No. 00 Civ. 1259, 2001 U.S. Dist. LEXIS 3335 (SDNY 2001); 21 C.F.R. §§ 1316.75-1316.77.  Also, please note that your correspondence was not signed and sworn to by your client.

Your client's only available option in seeking the return of the property is to submit a Petition for Remission or Mitigation of Forfeiture ('petition').  For your reference, a petition is a statement of the facts and circumstances that your client believes justify the return of the property or the return of her interest in the property.  The petition process does not involve a hearing, and DEA's decision is rendered entirely on the basis of the documentary submission in support of the petition.  Please note that the petition must be sworn to under penalty of perjury.  Acceptable language required by statute is as follows:

> 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date).'
>
> (Signature)

Your client is hereby granted thirty (30) days from the date of your receipt of this letter to submit a petition and provide any additional documentary evidence showing the seized property was not used or acquired illegally, or that it was used or acquired without her knowledge or consent.  For additional information regarding the administrative forfeiture process and Petitions for Remission or Mitigation, your attention is directed to the notice of seizure letter as well as Title 21 C.F.R. Sections 1316.17-1316.81 and 28 C.F.R. Part 9.

Further correspondence regarding this matter must reference the Case and Asset I.D. number noted above and should be addressed to the Forfeiture Counsel, Asset Forfeiture Section, Domestic Operations, Drug Enforcement

```
                Administration, HQS Forfeiture Response, P.O.
                Box 1475, Quantico VA 22134-1475.
                Correspondence set via private delivery must
                be sent to DEA, Office of Domestic
                Operations, DOA, 2401 Jefferson Davis
                Highway, Alexandria, VA 22301.
```

Attached to the Government's response is a form letter dated June 14, 2004 from DEA, Office of Domestic Operations, to Petitioner in care of Preciliano Martinez, advising that Petitioner's claim for return of the Wells Fargo Bank account was defective and was returned because "Claim was not signed and sworn to by the person(s) alleging an interest in the property." The form letter further advised:

```
                As a matter of discretion, you are allowed
                twenty (20) days from the date of your
                receipt of this letter to cure any
                deficiencies noted above, returning such with
                your original transmission.  All
                correspondence should reference the DEA asset
                identifier and case numbers noted above and
                be addressed to the Forfeiture Counsel, Asset
                Forfeiture Section (DO), Drug Enforcement
                Administration, HQs [sic] Forfeiture
                Response, P.O. Box 1475, Quantico, VA 22134-
                1475.  Correspondence sent via private
                carrier should be addressed to the Asset
                Forfeiture Section, Office of Domestic
                Operations, Drug Enforcement Administration,
                2403 Jefferson Davis Highway, Alexandria, VA
                23301.
```

Petitioner was granted a reprieve. She presents no evidence that she complied with the Forfeiture Section's directives following the rejection of the claim dated May 17, 2004. Plaintiff asserts in a letter to the Court dated August 8, 2008 (Doc. 152):

```
                My first attorney, Preciliano Martinez,
                requested that my money and my vehicle be
                returned.  Shortly after, that attorney
                notified me that he could no longer represent
```

6

> me due to a conflict of interest, a conflict
> with another client.  (Attach. 4)
>
> We received a reply from the U.S. Department
> of Justice stating that the claim was
> defective because it was not 'signed and
> sworn by the person alleging an interest in
> the property.'  (Attach. 5)
>
> I was assured by my next attorney, Nicklaus
> [sic] Reyes, that U.S. District [sic]
> Attorney, Kevin Rooney, had stated he would
> be returning my money as soon as I self-
> surrendered.  There were never any forfeiture
> proceedings and my attorney just dropped the
> ball.  I have tried to get him to do
> something about this for a year.

The United States represents that it "is informed and believes" that the Wells Fargo Bank account no. 6404545527, in the amount of $29,874.66, was administratively forfeited on November 9, 2004.  The United States does not address when or if the 1998 Lincoln Navigator was administratively forfeited.

In April 2000, Congress enacted the Capital Asset Forfeiture Reform Act of 2000 ("CAFRA"), codified in part at 18 U.S.C. § 983.  CAFRA become effective on August 23, 2000.  CAFRA sets forth the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute. *Mesa Valderrama v. United States*, 417 F.3d 1189, 1195 (11th Cir.2005); 18 U.S.C. § 983(e)(5).  A party seeking to challenge a nonjudicial forfeiture that falls within CAFRA's purview is limited to doing so under 18 U.S.C. § 983(e).  *Id.*  Section 983(e) provides:

> (1) Any person entitled to written notice in
> any nonjudicial civil forfeiture proceeding
> under a civil forfeiture statute who does not
> receive such notice may file a motion to set
> aside a declaration of forfeiture with

7

```
                respect to that person's interest in the
                property, which motion shall be granted if -

                     (A) the Government knew, or
                     reasonably should have known, of
                     the moving party's interest and
                     failed to take reasonable steps to
                     provide such party with notice; and

                     (B) the moving party did not know
                     or have reason to know of the
                     seizure within sufficient time to
                     file a timely claim.
```

Because Section 983(e) is the exclusive remedy to set aside a declaration of forfeiture under a civil forfeiture statute, this Court lacks jurisdiction to review the merits of administrative or nonjudicial forfeiture determinations. *Mesa Valderrama*, *id*. at 1196. The Court's review is limited to determining whether the DEA followed the proper procedural safeguards in forfeiting Petitioner's property. *Id.* The Court does not have jurisdiction to consider Petitioner's challenges to the merits of DEA's forfeiture. *Id.*

Here, the record establishes that Petitioner received written notice of the seizure as required by Section 983 but that Petitioner, through her retained attorney, failed to comply with the prerequisites to challenge the administrative forfeiture.

Petitioner refers to *United States v. Monsanto*, 924 F.2d 1186 (2nd Cir.), *cert. denied*, 502 U.S. 943 (1991), and *United States v. E-Gold, Ltd.*, 521 F.3d 411 (D.C.Cir.2008) as ruling "that the claimants Constitutional rights were violated by continued seizure of the assets without a post-seizure evidentiary hearing."

*Monsanto* involved a prosecution charging narcotics and other violations wherein the indictment alleged that real estate and cash were subject to forfeiture.  An ex parte restraining order was granted prohibiting defendant from transferring or encumbering these assets.  The Second Circuit held that the Fifth and Sixth Amendments, considered in combination, require an adversary, post-restraint hearing as to probable cause that the defendant committed the crimes that provide the basis for forfeiture and that the properties specified as forfeitable in the indictment are properly forfeitable, to continue the restraint of assets needed to retain counsel of choice.  *E-Gold* followed *Monsanto.*

Petitioner's reliance on these cases is misplaced.  The Indictment against Petitioner did not allege criminal forfeiture and Petitioner never alleged that she needed the seized funds to retain counsel of choice.  Further, Section 983 provided a remedy to Petitioner to contest the seizure of the assets for purposes of administrative forfeiture.  Petitioner received timely notice as required by Section 983 but did not pursue available administrative remedies.

There is no basis for the exercise of equitable jurisdiction.  As *Mesa Valderrama*, *supra*, 417 F.3d at 1197, ruled:

> 'It is inappropriate for a court to exercise equitable jurisdiction to review the merits of a forfeiture matter when the petitioner elected to forgo the procedures for pursuing an adequate remedy at law.'

*See also United States v. Ellis*, 921 F.2d 870, 874-875 (9th Cir.1990):

> Failure to comply with a remedy at law does not make it inadequate so as to require the district court to exercise its equitable jurisdiction.

*See also In re Harper*, 835 F.2d 1273 (8th Cir.1988), cited with approval in *Ellis*:

> Although Harper had knowledge of the pending forfeiture proceeding, he allowed the matter to finalize without challenging the forfeiture or seeking a stay of the proceedings. Harper now claims he may attack that civil forfeiture by utilizing rule 41(e). We disagree. Harper cannot pursue an equitable remedy in the district court when he did not challenge in any way the very proceeding that forfeited his property in the first place. To do so would be the equivalent of impermissibly using the Federal Rules of Criminal Procedure to attack a civil forfeiture.

Although *Ellis* was decided before the enactment of the CAFRA, its analysis and conclusion support denial of Defendant's motion for return of property.

Here, Plaintiff suggests that the failure to comply with the forfeiture relief provisions of Section 983 was the fault of her attorney, Preciliano Martinez, because he withdrew as her attorney "shortly after" the notifications from DEA of the defects in Petitioner's claim. However, the record establishes that DEA wrote letters in June 2004 to Mr. Martinez describing the defects in Petitioner's claim and specifically advising the steps to be taken to proceed with Petitioner's challenges to the notices of seizure. Mr. Martinez did not move to withdraw as

10

1  Petitioner's attorney because of a conflict of interest until May
2  27, 2005 and stated in his supporting declaration that he did not
3  discover the basis of the conflict of interest until two weeks
4  prior to his motion to withdraw.  (Doc. 74).  The record
5  establishes that Petitioner's failure to timely comply with the
6  procedures set forth in the DEA's June 2004 letters to Mr.
7  Martinez were not the result of his need to withdraw from his
8  representation of Petitioner.  Petitioner's assertion that Mr.
9  Reyes stated that AUSA Rooney told him that Petitioner's money
10 and property would be returned to her when she surrendered to
11 begin her prison term is inadmissible hearsay.  Further, Mr.
12 Reyes' first appearance on behalf of Petitioner was June 13,
13 2005, months after the time within which to proceed with
14 Petitioner's claims against forfeiture of the bank account and
15 the vehicle were time-barred.  Petitioner cannot rely on the
16 alleged negligence of Mr. Martinez or Mr. Reyes in invoking the
17 Court's equitable jurisdiction; her remedy, if any, is against
18 her attorneys for failure to pursue her claims.  *See United*
19 *States v. $22,000.00 in U.S. Currency,* 1995 WL 465785 (9th
20 Cir.1995)("[E]ven if Ingram's attorney was negligent, Ingram
21 blameless, the attorney's culpable conduct is imputed to
22 Ingram.").

23      In her motion for return of property file on October 17,
24 2007, Petitioner asserts that $32,810 in "Refinance Money" "was
25 frozen and under my conditions for been under trial [sic] it said
26 not to access the money market account (current frozen on that

11

time, but was release from my account by the government on October 25, 2006 also the government has in the possess [sic] this money and jewelry, passport, birth certificate and the money that was never refunded."

Petitioner presents no evidence that jewelry, her passport and birth certificate were seized by the Government and not returned to her following her conviction.  She has not provided a reference to identify when such property was seized or by whom. It was incumbent on Petitioner and her counsel to follow through to seek the return of this personal property, if in fact it was seized from Petitioner.

Attached to Petitioner's motion is an asset seizure property receipt issued by the Stanislaus Drug Enforcement Agency on March 1, 2004, in which the agency acknowledges receipt of the following from "Norma Cobian's Accounts":

    1) Official check #0042303936
       Wells Fargo Bank $193.48

    2) Official check #0042303745
       Wells Fargo Bank $756.05

    3) Cash and official check #0042302878
       Wells Fargo Bank $29,874.66

Also attached to Petitioner's motion is a copy of Additional Conditions of Release issued by the United States Magistrate Judge which provided, *inter alia*, that Petitioner "not access the money market account (current frozen) without a specific order of the U.S. District Court."  By Stipulation and Order filed on May 11, 2004, Petitioner, Mr. Martinez and AUSA Rooney stipulated

"that as further Condition of Release that Norma Cobian shall not withdraw any funds seized on March 1, 2004, from the Wells Fargo Bank Account No. 0042303936, 0042303745, 0042302878 without further order of the court."  (Doc. 36).

As discussed above the $29,874.66 in Wells Fargo Bank Account No. 0042302878 was administratively forfeited to the United States on November 9, 2004.  The United States provides no explanation for what happened to the funds in Wells Fargo Bank Account Nos. 0042303936 and 0042303745.  Petitioner is entitled to seek return of these funds pursuant to Rule 41(g), Federal Rules of Criminal Procedure.[2]  The United States is ordered to file a supplemental brief with supporting evidence addressing these funds on or before January 26, 2009.

Petitioner moves for appointment of counsel.  Petitioner has no constitutional right to counsel in connection with civil forfeiture.  *See United States v. $22,000.00 in U.S. Currency*, *supra,* 1995 WL 465785 at n.1.  The Court has discretion to appoint counsel to represent Petitioner if a case presents exceptional circumstances in that Petitioner has demonstrated a likelihood of success on the merits and an inability to articulate her claims *pro se* in light of the complexity of the legal issues involved.  *Id.*  Here, Petitioner has not made such a showing.  Petitioner's motion for appointment of counsel is

---

[2] Rule 54(b)(5), Federal Rules of Criminal Procedure, provides that the Federal Rules of Criminal Procedure are "not applicable to ... civil forfeiture of property for violation of a statute of the United States."

denied without prejudice.

For the reasons stated:

1. Petitioner's motion for appointment of counsel is DENIED WITHOUT PREJUDICE;

2. Petitioner's motions for return of 1998 Lincoln Navigator, vehicle identification number 5LMFU28L1WLJ0552 and Wells Fargo Bank account no. 6404545527, in the amount of $29,874.66 is DENIED;

3. The United States shall file a supplemental brief addressing Wells Fargo Bank Accounts Nos. 0042303936 and 0042303745 on or before January 26, 2009.  Petitioner's reply to the supplemental brief shall be filed within 30 days thereafter. All further proceedings shall be by Order of the Court.

IT IS SO ORDERED.

Dated:   December 22, 2008              /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE